# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOHN PAUL WISSINGER, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| MASSMAN CONSTRUCTION CO., ) | |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

NOW COMES the Plaintiff, John Paul Wissinger, by and through his attorney, Matthew B. Ferrell of Johnson, Schneider & Ferrell, L.L.C., and for his complaint against the Defendant, Massman Construction Company, states as follows:

## JURISDICTION AND VENUE

1. That this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because Plaintiff is domiciled outside the state in which Defendant is incorporated and has its regional office.

2. That venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391 as Defendant, Massman Construction Company is incorporated in the State of Missouri, and has a regional office in St. Louis, Missouri, ultimately conducting a large part of its operations in this District.

3. That Plaintiff, John Paul Wissinger, is a resident of Cairo, Illinois, and at all times relevant hereto was employed by Massman Construction Company.

4. That this Court also has jurisdiction over this matter as it arises under the Jones Act (46 U.S.C.A. § 30104, et. seq.), and general admiralty and maritime law in which this Court has original jurisdiction.

## GENERAL ALLEGATIONS

5. That on September 23, 2013, Plaintiff was employed as a foreman by Massman Construction Company and was working on a barge owned by Massman Construction Company.

6. That Massman Construction Company owned, operated, directed, controlled, managed and caused to be navigated, as well as to be outfitted, manned, and maintained in navigation on the navigable waters of the United States, specifically Kentucky Lake and her tributary rivers, a barge that operated with the purpose of driving pilings into the river bottom to assist in the construction of a pier or bridge.

7. That Plaintiff's primary job on the vessel was to operate an off-shore under-water hammer, which was affixed to the vessel and used to drive pilings into the river bottom.

8. That at all times prior to the date of Plaintiff's injury, Defendant maintained a staff of four or more employees to operate and position the off-shore hammer.

9.  That on September 23, 2013, Defendant removed two (2) employees from the task of repositioning the 170,000 pound off-shore hammer, leaving Plaintiff and one other employee to attempt to reposition the hammer.

10. That Plaintiff and the other crew member thereafter and in accordance with the Defendant's directives, attempted to reposition the hammer but due to the inadequate manpower were unable to control the hammer, which struck Plaintiff in the back, knocking him off of the platform.

11. That the impact of the hammer caused blunt-force trauma to Plaintiff's back and neck, along with other serious and severe injuries.

12. That as a direct and proximate result of the foregoing, the Plaintiff suffered severe injuries to his person as well as pain, suffering, disability and loss of quality of life, while incurring medical expenses past, present and future.

## COUNT I - CLAIM OF UNSEAWORTHINESS

13. That at the time Plaintiff was injured he was a seaman, employed on a vessel owned by Massman Construction Company, acting within the course and scope of his employment as a foreman, and was contributing to the vessel's mission and maintenance while on Kentucky Lake, a navigable waterway.

14. That at the time of Plaintiff's injury, Defendant owed to the Plaintiff-seaman an absolute and non-delegable duty to provide him with a safe place to work and furnish a safe, seaworthy vessel including, appurtenances, equipment and personnel.

15. That notwithstanding these duties and warranties, Defendant breached its duties by failing to provide Plaintiff with a safe place to work and thereby a seaworthy vessel, by failing to provide adequate personnel to handle the hammer in the course of its use for its intended purpose.

16. That this unseaworthy condition, namely the failure to adequately staff the operation of the hammer, proximately caused Plaintiff's injuries and Plaintiff is entitled to damages.

WHEREFORE, Plaintiff, John Paul Wissinger, prays this Honorable Court for judgment against Defendant, Massman Construction Company, in an amount in excess of seventy-five thousand dollars ($75,000.00), together with interest, the cost of suit and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II – JONES ACT NEGLIGENCE

17. That Plaintiff hereby reincorporates and re-alleges each and every fact and allegation set forth in paragraphs 1 through 16 above as if fully set forth herein.

18. That Defendant owed a duty to the Plaintiff to use reasonable care to provide him with a safe place to work and furnish a safe, seaworthy vessel with adequate personnel.

19. That Defendant breached that duty and was thereby negligent by committing the following acts or omissions to act:

(a) Defendant failed to provide Plaintiff with adequate personnel to safely position the hammer.

(b) Defendant failed to adequately supervise its personnel in the repositioning of the hammer.

(c) Defendant instructed Plaintiff and the other crew member to operate the hammer in an unsafe manner.

(d) Defendant failed to provide adequate safeguards and safety measures related to the use of the above-mentioned hammer.

20. That Plaintiff's severe injuries were proximately caused by the negligence of Defendant, through its owners, officers, supervisors, agents, servants and/or employees, masters and officers of the vessel, acting within the scope of their employment, and Plaintiff is therefore entitled to damages.

WHEREFORE, Plaintiff, John Paul Wissinger, prays this Honorable Court for judgment against Defendant, Massman Construction Company, in an amount in excess of seventy-five thousand dollars ($75,000.00), together with interest, the cost of suit and such other and further relief as this Court deems just and proper under the circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL.**

JOHNSON, SCHNEIDER & FERRELL, L.L.C.

/s/ Matthew B. Ferrell
MATTHEW B. FERRELL
JOHNSON, SCHNEIDER & FERRELL, L.L.C.
212 North Main Street
Cape Girardeau, Missouri 63701
Telephone:  573-335-3300
Facsimile:  573-335-1978